UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE ZOE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | Civil Action No. 25-1337 |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Jane Zoe alleges that two Federal Bureau of Prisons employees took advantage of her disabilities and sexually assaulted her during her incarceration in federal prison. See ECF No. 1 (Compl.), ¶¶ 1–5. She claims that after she reported these assaults, BOP initially ignored these allegations and then later retaliated against her. Id., ¶¶ 3–6. She thus sues the United States for negligence, id., ¶¶ 185–211, negligent and intentional infliction of emotional distress, id., ¶¶ 212–233, sexual battery and assault, id., ¶¶ 234–258, and negligent supervision of federal employees. Id., ¶¶ 259–269. She also names Beth Reese, Chief of the Office of Internal Affairs for BOP, id., ¶ 16, in her individual capacity under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1581, *et seq.*, for her alleged role in facilitating the abuse. Id., ¶¶ 270–90. Plaintiff further moves to proceed under a pseudonym. See ECF No. 4-1 (Mot.) at 1.

    This Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion(s) to file a pseudonymous complaint").

1

I.   **Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party seeking to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

2

II.   Analysis

Plaintiff has met her initial burden to show that her privacy interests at stake outweigh the public's presumptive and substantial interest in learning her identity.

The Complaint is clear that Plaintiff seeks to proceed under a pseudonym not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] highly sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  Here, the case involves vivid descriptions of sexual assault, see Compl., ¶¶ 115–182, which courts routinely find favor pseudonymity.  In re Sealed Case, 971 F.3d at 327 ("sexual activities" are "intimate issues" that this factor "commonly involves"); Doe v. Cabrera, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects."); Doe v. De Amigos, LLC, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012) ("Courts have granted anonymity to protect against disclosure of . . . sexual assault.") (quotation marks omitted); Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 4 (D.D.C. Oct. 5, 2023) (same where plaintiff "describe[d] both her [sexual] assault and the events leading up to it in detail").

In addition, Plaintiff's medical information and disability status are essential to her allegations.  Her disabilities and corresponding medical treatment within BOP facilities are meticulously documented in the Complaint and are directly related to the underlying allegations.  See Compl., ¶¶ 79–101; Mot. at 3.  This information provides crucial context to the alleged assaults, which counsels in favor of granting pseudonymity.  In re Sealed Case, 971 F.3d at 327 (medical information is considered sensitive and highly personal information); see also, e.g., C. v. District of Columbia, No. 23-1139, ECF No. 5 (Mem. Op.) at 3 (D.D.C. Apr. 27, 2023)

(finding this factor favored pseudonymity where "[c]omplaint illustrate[d] in vivid detail the wide range of medical conditions from which Plaintiffs and putative class members suffer[ed]"); Charles H. v. District of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021).

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiffs and to "innocent non-parties," also weighs in favor of granting the Motion. In re Sealed Case, 971 F.3d at 326 (quotation marks omitted). Public disclosure of her victimization, she asserts, would (1) expose her to "a heightened risk of sexual abuse" and (2) intensify her existing psychological distress. See Mot. at 3–4. Such risks, when well founded, indeed favor pseudonymity under this factor. See, e.g., J.K.A. v. United States, No. 23-2273, ECF No. 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023); Employee #1 v. Dep't of Behavioral Health, No. 23-2553, ECF No. 5 (Mem. Op.) at 5–6 (D.D.C. Sept. 25, 2023); Cabrera, 307 F.R.D. at 7; Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018); Doe v. Roman Catholic Diocese of Greensburg, 2021 WL 12137383, at *7 (D.D.C. Feb 12, 2021).

She falls short of establishing that disclosure would increase the risk of future sexual abuse. Although her Complaint alleges that BOP officials retaliated against her for reporting sexual assaults, see Compl., ¶¶ 162–172, she does not contend that disclosure would lead to an increased threat from prison guards or officials. See Mot. at 3–4. Instead, she asserts that "[i]ncarcerated people who are known to have been victims of sexual assault are more likely to be targeted for further assault" by other inmates. Id. at 3–4. In support of this claim, she cites a single academic article. See id. (citing Tess M.S. Neal & Carl B. Clements, Prison Rape and Psychological Sequelae: A Call for Research, 16 Psych. Pub. Pol'y & L. 284, 292 (2010)). But the article — and the specific portion she apparently intends to cite — discusses male inmate-on-male inmate dynamics, see Neal & Clements, *supra*, at 292, ("Once [a male] inmate is raped, he

4

becomes an immediate target for other potential [male] aggressors because he is perceived as weak and vulnerable.") (citation omitted), which is not the nature of this case. See also id. at 285–86 ("Factors associated with rape in male prisons . . . may not extend to female facilities. It appears that different issues contribute to sexual assaults in female and male facilities[.]") (citation omitted).

The Court is persuaded, however, that disclosure of Plaintiff's identity would "exacerbate the psychological harm that she has already experienced." Cabrera, 307 F.R.D. at 6; see Mot. at 4. Although she offers no affidavits in support of this claim, cf. Cabrera, 307 F.R.D. at 6 (referencing affidavits in support of motion); Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (same), her Complaint thoroughly documents her pre-existing mental-health disorders, see Compl., ¶¶ 79–101, and alleges that her abuse compounded her extreme vulnerabilities. Id., ¶¶ 177–81. The Court therefore concludes that she likely would suffer increased mental harm if her identity were disclosed.

Plaintiff does not argue that the third factor supports her Motion — and for good reason. When, as here, the privacy interests of minors are not implicated, this factor does not favor pseudonymity. See Mot. at 4; see, e.g., Burns, No. 23-2937, Mem. Op. at 6; J.K.A., No. 23-2273, Mem. Op. at 4. The fourth factor, however, favors pseudonymity because Plaintiff has sued a governmental defendant seeking individualized relief. Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.), at 5 (D.D.C. June 11, 2024).

The fifth factor, however, does not support her Motion. There is no "risk of unfairness" to a defendant when it knows plaintiff's identity. In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" when defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (fifth factor supports motion

when defendant already knows plaintiff's identity). In "a single, short, conclusory sentence," N.L. v. District of Columbia, No. 24-3165, ECF No. 5 (Mem. Op.) at 5 (D.D.C. Nov. 21, 2024), Plaintiff asserts that Defendants know her identity. See Mot. at 4. Presumably many Defendants are aware of her identity given the specific and highly personal allegations in the Complaint, but she has "given the Court no reason to definitively conclude" as much. N.L., No. 24-3165, Mem. Op. at 6 (emphasis added). Both the Complaint and Summons used a pseudonym, see Compl., ¶ 1 & n.1; ECF No. 3 (Summons) at ECF p. 1, and she has not disclosed (or offered to disclose) her identity to Defendants under seal. "The Court is therefore unable to conclude that this factor necessarily supports [her] Motion." N.L., No. 24-3165, Mem. Op. at 6.

In sum, although the third and fifth factors support disclosure, the first, second, and fourth sufficiently favor allowing the Plaintiff to proceed under a pseudonym for now.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [4] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file on the public docket as a Notice a pseudonymous version of her Motion and any attachments.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: June 13, 2025