UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE ZOE,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>   Defendant. | Civil Action No. 25-1337 (ACR) |

**JOINT STATUS REPORT**

The Parties hereby submit a joint status report pursuant to this Court's Minute Order on August 6, 2025. Pursuant to the order, the parties have met and conferred regarding the following: Defendants' compliance with the Court's order to provide two more weeks of weekly therapy to Plaintiff Jane Zoe, the Defendants' treatment provider's recommendation regarding frequency of treatment, and how to proceed with related cases. Plaintiff also consulted with an expert in the field of eating disorders to supplement discussion regarding recommended treatment for Ms. Zoe. The parties provide updates regarding each topic below.

**I. Compliance with Order for Two More Weeks of Therapy**

 **A. Plaintiffs' Statement**

Plaintiff received weekly therapy sessions for two weeks pursuant to the Court Order. The last session, however, lasted for approximately thirteen minutes and per Plaintiff, she was told that she could not discuss her eating disorder, but could only talk about coping mechanisms moving forward. Although the Court Order did not include the length of time for weekly sessions, Plaintiff believes that thirteen minutes is insufficient. After this last session, the therapist told Plaintiff that she would go back to her monthly sessions.

[4750902.2]

### B. Defendants' Statement

Defendant reports that Plaintiff received two additional weeks of weekly therapy as ordered by the Court. The Bureau of Prisons ("BOP") has consulted with Plaintiff's treatment provider, who recommended that after these weekly sessions, Plaintiff should return to once-monthly therapy sessions. Her current mental health level reflects the determination that Plaintiff should attend therapy once per month.

## II. Recommendations for Frequency of Treatment for Ms. Zoe

### A. Plaintiffs' Position

Plaintiff retained an expert in treating eating disorders, Chris E. Haltom, PhD, CEDS, who evaluated Ms. Zoe and reviewed her medical records. *See* Haltom Declaration (Exhibit A). As Dr. Haltom explains, anorexia nervosa is a highly deadly mental illness. Exhibit A, ¶ 8. This risk becomes elevated when someone has previously been hospitalized for the condition. Ms. Zoe has been hospitalized twice before for anorexia. *Id.* Ms. Zoe is currently at dangerously low weight and BMI and has been malnourished for several months. *Id.* at ¶¶ 26(e)(i), 21. Dr. Haltom also notes that Ms. Zoe has multiple co-occurring diagnoses which require careful coordinated treatment. *Id.* ¶¶ 9-12. The declaration highlights the fact that Ms. Zoe has previously received specialized eating disorder treatment, and has been successful and motivated, which is strongly linked to better outcomes. *Id.* at ¶¶ 15-17, 20. Given Ms. Zoe's severe malnutrition, multiple diagnoses, and motivation for treatment, Dr. Haltom recommends that treatment providers identify problems with her current level of care, which she lists as infrequent therapy, weak collaboration with a dietician, outdated or incomplete medical monitoring, a possible lack of specialists, and inadequate treatment intensity. *Id.* at ¶ 26(a). She then recommends that BOP increase consistency of care, provide weekly medical monitoring, and follow American Psychiatric Association standards of care. *Id.* at ¶ 26(b)-(d). Lastly, she recommends that BOP increase her level of care.

*Id.* at ¶ 26(e). Recommendations include a specialty-focused eating disorder program, inpatient hospitalization, residential treatment, partial hospitalization, or intensive outpatient programs. *Id.* at ¶ 26(e)(ii)-(iii). Dr. Haltom opines that Ms. Zoe is best suited for residential treatment until she restores stable weight. *Id.* at ¶ 26(e)(iv).

  **B.**  **Defendants' Statement**

  Plaintiff provided their "expert report" to Defendants' today as the parties were preparing their Joint Status Report, and Defendants have not had any meaningful opportunity to review the report or Plaintiff's claims regarding her treatment in August 2025. In any event, there is no claim alleged in this case based on inadequate medical treatment. Again, this case seeks retrospective money damages relief for past harms occurring exclusively, or at least principally, in Texas. To the extent Plaintiff wishes to challenge her medical treatment or residential conditions at FMC Carswell, she must file an administrative claim and exhaust that claim under the Prisoner Litigation Reform Act before seeking relief before a district court. The report concerns treatment decisions that are being made in Texas regarding an inmate Plaintiff who resides at FMC Carswell, further reinforcing that Plaintiff continues to challenge actions and decisions that are being made by individuals located in the Northern District of Texas.

**III.**  <u>**Proceeding on Related Cases**</u>

  **A.**  **Plaintiffs' Statement**

  This case should be related to *Ellis v. FBOP et al.,* Civ. A. No. 23-0632 (2023) (ACR) (originally filed *pro se*) and *A.G. et al v. United States of America et al.,* Civ. A. No. 25-2231 (2025) (TSC). The four plaintiffs in all three matters were sexually assaulted by officers while incarcerated at FMC Carswell and involve common issues of fact, specifically whether BOP's Central Office is complying with its constitutional and statutory requirements to protect prisoners from known sexual predators.

3

B.  **Defendants' Statement**

Defendants disagree with Plaintiff's view that *Ellis, A.G.,* and this matter are related by common issues of fact under Local Rule 40.5(a)(2)(3). The three cases each involve operative facts occurring different relevant time periods and alleged abuse by different actors, with the only common factual predicate being that the alleged abuse occurred at FMC Carswell in Fort Worth, Texas.

Notwithstanding the above, should the Court determine that these three cases are related under Local Rule 40.5, it appears that the earliest filed, assigned matter is the *Ellis* case, which is currently assigned to this Court and was initiated by the plaintiff pro se. *See* LCvR 40.5(a)(2)(3).

Defendant notes, however, that under Plaintiff's broad view of relatedness, *Holland v. United States*, Civ. A. No. 25-0589 (CRC), should be considered among the related cases as that matter also involved the Federal Tort Claims Act and Trafficking Victim Protection Act claims against Defendants based in claims of sexual abuse at FMC Carswell. *Holland* was filed in February 2025, before the plaintiff in *Ellis* filed her current, operative Amended Complaint and before Plaintiff filed this action. Upon Defendants' motion to transfer in *Holland*, Judge Cooper transferred that case to the Northern District of Texas, where the plaintiff resides and where the alleged misconduct exclusively, or at least principally, occurred. *See* Op. & Order, *Holland*, ECF No. 11 (July 29, 2025). Indeed, while the cases are not truly related under the Court's Local Rule, they share that attribute—all seek money damages for past harms exclusively, or at least principally, occurring at a prison in Texas.

Respectfully submitted,

                                      JEANINE FERRIS PIRRO
                                      United States Attorney

                                      BRIAN P. HUDAK, D.C. Bar #90034769
                                      Chief, Civil Division

| | |
|---|---|
| */s/ Kara J. Janssen* | By: */s/ Tabitha Bartholomew* |
| Kara J. Janssen (admitted *pro hac vice*) | TABITHA BARTHOLOMEW |
| | D.C. Bar # 1044448 |
| Ernest Galvan (admitted *pro hac vice*) | 601 D Street, NW |
| Luma Khabbaz (*pro hac vice* granted) | Washington, DC 20530 |
| Ben Hattem (*pro hac vice* granted) | (202) 252-2529 |
| ROSEN BIEN | Tabitha.Bartholomew@usdoj.gov |
| GALVAN & GRUNFELD LLP | |
| 101 Mission Street, Sixth Floor | *Attorneys for the United States of America* |
| San Francisco, California 94105-1738 | |
| (415) 433-6830 | |
| | |
| Deborah M. Golden | |
| D.C. Bar # 470-578 | |
| bex kolins | |
| D.C. Bar # 90035779 | |
| THE LAW OFFICE OF | |
| DEBORAH M. GOLDEN | |
| 700 Pennsylvania Avenue S.E., 2nd Floor | |
| Washington, D.C. 20003 | |
| (202) 630-0332 | |
| | |
| *Attorneys for Plaintiff Jane Zoe* | |
| | Dated: September 5, 2025 |